MARSHALL *v.* SMITH *et al.*

Where there has been a reference under subd. 3, § 271 of the Code, every question depending not on the facts found, but on error in the proceedings on the trial or in the determination of the facts, must be raised by exception, and there can be no review in this court of the correctness of the determination of the facts.

APPEAL from the Supreme Court. In an action for the foreclosure of certain mortgages there was a sale under the judgment, which produced surplus moneys to the amount of $3,800. One Hannah B. Smith claiming the whole surplus, a reference was ordered to ascertain and report the amount due to her or to any other person which was a lien upon such surplus, and to ascertain the priorities of the several liens. The plaintiff Marshall claimed a part of the surplus, as did also the defendant Thomas Downing. Their claims were litigated before the referee, and he reported that Marshall was entitled to $300 and Hannah B. Smith to all the remainder. An order was made for distribution of the money accordingly. Downing appealed, and the order was affirmed at general term in the second district. Downing then appealed to this court. No exceptions were filed to the referee's report.

*John K. Porter*, for the appellant.

*Mr. Willard*, for the respondent.

JOHNSON, Ch. J. The reference in this cause has taken place under subdivision 3 of section 271 of the Code, which provides for a reference where a question of fact, other than upon the pleadings, shall arise upon motion or otherwise, in any stage of the action. Where the reference is to report facts, the report has the effect of a special verdict, by the provisions of section 272, and the question arising on the facts thus found, it has been held, may be reviewed on appeal without exceptions. (*Kirby* v. *Fitzpatrick*, 18 *N. Y.*, 454.) But if in such a case any question be made depending not on the facts found, but on any error in the proceedings on the trial, or in the determination of the facts, the point must be raised by exceptions, and there can be no review of the correctness of the determination of the facts in this court. The general term of the Supreme Court has the final power of determining on the correctness of decisions of fact made by referees or a single judge. In this case there are no exceptions to the decision of the referee; nor upon the facts found by him can there be any question of the correctness of his decision.

This is sufficient to dispose of the case here, and the decision at general term should be affirmed.

Judgment affirmed.